UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOMINIQUE JOHNSON,

        Petitioner,        Case No.  2:15-cv-11154
                                          Honorable Nancy G. Edmunds

v.

SHAWN BREWER,

        Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. On March 10, 2011, Petitioner was convicted in the Wayne Circuit Court of armed robbery, carjacking, and commission of a felony with a firearm. He was sentenced to two concurrent terms of 5-to-25 years imprisonment, plus a consecutive 2-year term for the firearm conviction. The petition alleges that 1) insufficient evidence was presented at trial to identify Petitioner as the perpetrator of the crime, 2) the trial court erroneously failed to suppress Petitioner's statement to police which was taken outside the presence of his guardian, and 3) Petitioner's statement to police was otherwise involuntary.

Petitioner admits that the petition was filed after expiration of the one-year statute of limitations applicable to habeas actions under 28 U.S.C. § 224(d). Petitioner asserts that he is entitled to equitably tolling because he did not receive a copy of the state court decision ending his direct appeal, and therefore he did not know that the statute of limitations began running. Because Petitioner waited two years to inquire about the status of his state court appeal, however, the Court finds that Petitioner has not demonstrated entitlement to equitable tolling, and it will summarily

dismiss the petition. The Court will also deny Petitioner a certificate of appealability and deny permission to appeal in forma pauperis.

## I. Background

According to the allegations in the petition, and confirmed by the state court public records available online, Petitioner's state court appeal concluded on September 30, 2013, when the Michigan Supreme Court denied Petitioner's application for leave to appeal. *People v. Johnson*, No. 146408, 843 N.W.2d 125 (Mich. Sup. Ct., Sept. 30, 2013). Petitioner does not allege that he filed a state post-conviction proceeding. Petitioner's undated and unsigned habeas petition was filed in this Court on March 26, 2015.

## II. Standard of Review

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." Rule 4, Rules Governing Section 2254 Cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). A preliminary question in a habeas case brought by a state prisoner is whether the petitioner complied with the one-year statute of limitations. "[D]istrict courts are permitted . . . to consider *sua sponte*, the timeliness of a state prisoner's habeas petition. *Day v. McDonough,* 547 U.S. 198, 209 (2006).

## III. Discussion

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a one-year statute of limitations applies to an application for writ of habeas corpus by a person in custody pursuant to a

judgment of a state court. The one-year limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Absent equitable tolling, a petition for writ of habeas corpus must be dismissed where it has not been filed before the limitations period expires. See 28 U.S.C. § 2244(d)(1); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).

The statute of limitations began to run in this case when Petitioner's conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). "Direct review," for purposes of subsection 2244(d)(1)(A), concludes when the availability of direct appeal to the state courts and to the United States Supreme Court has been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). The Michigan Supreme Court denied Petitioner's application for leave to appeal on September 30, 2013. The time for filing a petition for a writ of certiorari in the United States Supreme Court expired ninety days later, on Monday, December 30, 2013. The limitations period began running the next day, and it expired one year later, on December 31, 2014 - about three months before he filed the instant petition.

The petition is therefore time barred unless Petition can demonstrate grounds for equitable

tolling. *Holland v. Florida*, 561 U.S. 631, 649 (2010). A petitioner is entitled to equitable tolling if he shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id*. Equitable tolling is used "sparingly" by the federal courts. *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010). The party seeking equitable tolling bears the burden of proving that he is entitled to it. *Id.* "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000) (citation omitted).

Petitioner attaches an affidavit from a fellow prisoner who attempts to explain the delay in the filing of the petition. Vernon Johnson states in the affidavit that on February 1, 2015, Petitioner contacted him for assistance in gathering information regarding the status of his state appeal. Mr. Johnson states that on February 6, 2015, he used LEXIS at the prison law library to ascertain that the Michigan Supreme Court had denied leave to appeal on September 30, 2013. Mr. Johnson states that Petitioner responded with disbelief because he had not received a copy the decision and not had been called by the mail room for receipt of legal mail as required by prison policy.

Assuming that Petitioner did not receive notice of the state supreme court's September 30, 2013, decision, Petitioner is nevertheless not entitled to equitable tolling. A lengthy delay between the issuance of an order by the state court and an inmate's notification of it might provide a basis for equitable tolling. In such a case, however, the petitioner has the burden to establish (1) that he received delayed notice of the denial of his state petition or application (extraordinary circumstance), (2) that he diligently attempted to ascertain the status of the state court's order (diligence), and (3) that the delay prevented him from filing a timely federal habeas petition (causation). *Miller v.*

*Collins*, 305 F.3d 491, 495, 2002 FED App. 0333P (6th Cir. 2002).

Here, Petitioner filed his application for leave to appeal in the Michigan Court of Appeals on March 26, 2012. The Michigan Court of Appeals affirmed Petitioner's conviction about seven months later on November 1, 2012. *People v. Johnson*, No. 309337 (Mich. Ct. App. Nov. 1, 2012). Petitioner then filed a pro se application for leave to appeal on December 21, 2012, and it was denied about nine months later on September 30, 2013.[1] Petitioner did not inquire about the status of his appeal in the Michigan Supreme Court, however, until February 1, 2015, a period of over two years after he filed the appeal. Because Petitioner waited over two years to enquire about the status of his state court appeal, he did not act with sufficient diligence to demonstrate entitlement to equitable tolling. See, e.g., *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005) (habeas petitioner failed to demonstrate reasonable diligence in allowing 21 months to lapse from the time he filed his state court petition until he inquired as to its status), *Cousin v. Lensing*, 310 F.3d 843, 848–49 (5th Cir. 2002) (habeas petitioner's counsel failed to act diligently in waiting almost two years to investigate the status of petitioner's case), and *Drew v. Department of Corrections*, 297 F.3d 1278, 1287–88 (11th Cir. 2002) (where habeas petitioner waits 16 months before taking any steps to learn about the status of his case, equitable tolling is not warranted); c.f. *Miller*, 305 F.3d at 496 ("it was not unreasonable that Miller waited nine months before asking the court to rule on his application."). The Sixth Circuit found that the Petitioner in *Miller* acted with sufficient diligence given the length of time the state court took to adjudicate his prior appeal. Here, however, the Michigan Court of Appeals decided his case in about seven months. Given this reference point, it was not reasonable

---

[1] The date of these filings are available on the state court website, of which this Court may take judicial notice. *Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004).

for Petitioner to wait two years to inquire about his appeal to the Michigan Supreme Court. Even assuming an error in transmitting the state court's order to him, Petitioner was required to act with due diligence to protect any right he had to federal habeas review and he did not. Accordingly, Petitioner is not entitled to equitable tolling.

Petitioner makes the alternative argument that the state court's failure to mail a copy of its decision to him constituted an impediment to filing his federal petition that acted to delay the starting point of the limitations period under 28 U.S.C. §2244(d)(1)(B). This starting point for the limitations period, however, is limited to impediments created by government action in violation of the Constitution or laws of the United States. *Egerton v. Cockrell*, 334 F.3d 433, 438–39 (5th Cir. 2003). Petitioner has not alleged that the untimely receipt of his state court decision, in itself, amounts to a constitutional violation. Nor is the Court aware of any case so holding. Moreover, though §2244(d)(1)(B) does not contain an explicit diligence requirement, Petitioner's failure to inquire about the statute of his state court appeal did not act to forever suspend the start of the limitations period. See, e.g., *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006).

Accordingly, the Court finds that the petition was filed after expiration of the statute of limitations, and Petitioner has failed to demonstrate entitlement to equitable tolling. The case will be dismissed.

## IV. Conclusion

Before Petitioner may appeal, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner

demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*. Having undertaken the requisite review, the court concludes that jurists of reason could not find the court's procedural ruling that the petition is untimely debatable. The Court will also deny Petitioner permission to proceed on appeal in forma pauperis because any appeal would be frivolous.

## V. Order

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability and permission to proceed on appeal in forma pauperis is **DENIED**.

s/ Nancy G. Edmunds

Honorable Nancy G. Edmunds
United States District Judge

Dated: June 11, 2015